UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDREA MOON,

        Plaintiff,

v.                                  Case No.  8:20-cv-1060-SPF

KILOLO KIJAKAZI,
Commissioner of the Social
Security Administration,[1]

        Defendant.

_____/

**ORDER**

Plaintiff seeks judicial review of the denial of her claim for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI").  As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

**I.    Procedural Background**

Plaintiff filed an application for a period of disability, DIB, and SSI (Tr. 106, 131, 306-21).  The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 106, 131, 204-05, 206-33).  Plaintiff then requested an administrative hearing (Tr. 106, 131, 258-59).  Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 106, 128-73).  Following the hearing, the ALJ issued

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021, and is substituted as Defendant in this suit pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 103-23). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1-7). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

## II.   Factual Background and the ALJ's Decision

Plaintiff, who was born in 1989, claimed disability beginning October 26, 2016 (Tr. 108, 116). Plaintiff obtained at least a high school education (Tr. 116, 138). Plaintiff's past relevant work experience included work as a developmentally disabled aid and a waitress (Tr. 116, 166-67). Plaintiff alleged disability due to agoraphobia, panic disorder, heart problems, major depressive disorder, personality, generalized anxiety disorder, social phobia, insomnia (Tr. 174-75).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through December 31, 2021 and had not engaged in substantial gainful activity since October 26, 2016, the alleged onset date (Tr. 108). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: palpitations/supraventricular tachycardia; obesity; depression/bipolar disorder; anxiety; and attention deficit hyperactivity disorder (Tr. 108). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 109). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform a full

range of work at all exertional levels, though she must avoid requirements of physical activity that elevate the heart rate (*i.e.*, no running, no more than occasional climbing, avoiding concentrated exposure to temperature extremes, no working in confined spaces, no use of a respirator, etc.); can occasionally interact with supervisors, coworkers, and the general public; is limited to a work setting that is low-stress, which is defined as work contemplating only infrequent workplace changes that are gradually introduced, where others are not reliant on the claimant to perform their work (such as no tandem tasks or assembly-line type environments), with little decision-making required and where conflict with others is not the primary function of the job (Tr. 110). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 111).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined Plaintiff could not perform any past relevant work (Tr. 116). Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a bagger, order selector, and production/inspection (final inspector) (Tr. 116-17). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 117).

### III.    Legal Standard

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.  42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect.  These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920.  If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary.  20 C.F.R. §§ 404.1520(a), 416.920(a).  Under this process, the ALJ must determine, in sequence, the following:  whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work.  If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience.  20 C.F.R.

§§ 404.1520(a), 416.920(a).  A claimant is entitled to benefits only if unable to perform other work.  *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).  While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal.  *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied.  42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## IV.    Analysis

Plaintiff argues here that the ALJ erred in his evaluation of the duration of Plaintiff's interstitial cystitis and that the Appeals Council erred when it declined to find Plaintiff's additional evidence material.  For the reasons that follow, the ALJ applied the correct legal standards, and the ALJ's decision is supported by substantial evidence.

### A.  Whether the ALJ erred in his evaluation of the duration of claimant's interstitial cystitis condition

An impairment must be severe for at least 12 consecutive months to be considered a severe impairment at step two of the sequential evaluation process.  20 C.F.R. §§ 404.1505(a), 404.1509, 404.1520(a)(4)(ii), 416.905(a), 416.909, 416.920(a)(4)(ii); *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002) ("[T]he statute [42 U.S.C. § 423(d)(1)(A)], in the two provisions, specifies that the 'impairment' must last 12 months and also be severe enough to prevent the claimant from engaging in virtually any 'substantial gainful work.' The statute, we concede, nowhere explicitly says that the 'impairment' must be *that severe* (*i.e.*, severe enough to prevent 'substantial gainful work') for 12 months.  But that is a fair inference from the language.").   Plaintiff bears the burden of establishing that an impairment is severe.  *O'Beir v. Comm'r of Soc. Sec. Admin.*, 338 F. App'x 796, 798 (11th Cir. 2009)[2] (per curiam); *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001); *see also Casady v. Astrue*, No. 2:08CV103-SRW, 2009 WL 3109938, at *3 (M.D. Ala. Sept. 24, 2009) (burden of proving a severe impairment or combination of impairments is twofold—

---

[2] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

proof that the impairment significantly limits claimant's ability to do basic work activities *and* lasted for a continuous period of at least 12 months).

Here, the ALJ stated that, in analyzing Plaintiff's interstitial cystitis, he considered the guidance outlined in Social Security Ruling ("SSR") 15-1p, "Evaluating Cases Involving Interstitial Cystitis (IC)," 2015 WL 1292257 (Mar. 18, 2015), but found that Plaintiff's treatment for this condition "has not stretched for a period of 12 months" (Tr. 113). The ALJ continued his analysis of Plaintiff's interstitial cystitis as follows:

> While the claimant has alleged she has suffered from this condition for two years, she has not shown how the medical evidence supports such a contention. For that matter, when she was receiving urological care in the summer of 2018, the evidence reveals only "mild" to "moderate" pain, with little urinary urgency [Tr. 838]. Nevertheless, because the regulations at 20 CFR 404.1545(e) and 416.945(e) require adjudicators to consider both severe and nonsevere impairments in formulating the residual functional capacity, this analysis encompasses a consideration of *all* medically determinable impairments, severe and nonsevere.

Tr. 113-14.

Plaintiff argues that "[a]ssuming the Administrative Law Judge decision was correct in that as of the date of the Administrative Law Judge decision, the claimant's interstitial cystitis condition had not lasted at a severe level for 12 continuous months, the decision did not address whether the condition was expected to last for 12 continuous months" (Doc. 28 at 8). It is the claimant's burden, however, not the ALJ's, to establish that the condition was expected to last for 12 continuous months. *See O'Beir*, 338 F. App'x at 798; *Doughty*, 245 F.3d at 1278. Here, Plaintiff does not point to any evidence or argue that she otherwise established that her condition was expected to last for 12 continuous months; nor has she cited to any caselaw or authority for the proposition that an ALJ

must, in the circumstances presented here, address whether a condition is expected to last for 12 continuous months.[3]  As such, Plaintiff's argument is unsupported and unavailing, and the Court additionally finds that the ALJ's decision was supported by substantial evidence.

**B. Whether the Appeals Council erred when it declined to find Plaintiff's additional evidence material**

If a claimant is dissatisfied with a hearing decision, the claimant may request that the Appeals Council review the action.  20 C.F.R. §§ 404.967, 416.1467.  When a claimant appeals an ALJ's decision to the Appeals Council, "[t]he Appeals Council must consider new, material, and chronologically relevant evidence and must review the case if the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record."  *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007) (internal quotation and citation omitted); *see* 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5) ("The Appeals Council will review a case at a party's request or on its own motion if … the Appeals Council receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision.").

As recognized by the Eleventh Circuit, medical opinions based on treatment or evaluations occurring after the date of the ALJ's decision may be considered chronologically relevant where the opinions relate back to the date of the ALJ's decision.

---

[3] Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, as is the case here, are generally deemed to be waived.  *See N.L.R.B. v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998)); *Jackson v. Soc. Sec. Admin., Comm'r*, 779 F. App'x 681, 684 (11th Cir. 2019) (per curiam).

*Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1322-23 (11th Cir. 2015) (per curiam) (citations omitted).  The Eleventh Circuit has, however, consistently concluded that the failure by a physician to review past medical records from the period prior to the ALJ's decision weighs against a finding that such physician's opinion issued after an ALJ's decision is chronologically relevant.  *See, e.g., Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1309-10 (11th Cir. 2018) (per curiam); *Horowitz v. Comm'r of Soc. Sec.*, 688 F. App'x 855, 864 (11th Cir. 2017) (per curiam); *Stone v. Soc. Sec. Admin.*, 658 F. App'x 551, 553-54 (11th Cir. 2016) (per curiam).

After the ALJ's decision on May 30, 2019, Plaintiff was seen at Florida Urology Partners on August 8, 2019, August 28, 2019, October 7, 2019, and November 20, 2019 (Tr. 23-35).  The Appeals Council considered this evidence and declined review because the additional evidence did not relate to the period at issue and, therefore, did not affect the decision about claimant's disability beginning on or before the ALJ's decision on May 30, 2019 (Tr. 2).

Without citation to any supporting authority,[4] Plaintiff argues that although the treatment notes submitted to the Appeals Council pertain to a time period after the ALJ's decision, they show that the claimant's condition did in fact last at a severe level for 12 continuous months, *i.e.*, since August 2018[5] (Doc. 28 at 10-11).  Although Plaintiff offers no explanation or argument as to how the records that post-date the ALJ's decision relate

---

[4] *See N.L.R.B.*, 138 F.3d at 1422 ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived."); *Jackson*, 779 F. App'x at 684.

[5] Plaintiff states that "[b]y August 22, 2018, the claimant's interstitial cystitis condition appeared to be more problematic" (Doc. 28 at 7 (citing Tr. 831)).

to the relevant period prior to the ALJ's decision, Plaintiff contends that the Appeals Council erred by failing to remand due to this new and material evidence (Doc. 28 at 8).

A review of the evidence submitted to the Appeals Council, however, reveals that the evidence was not chronologically relevant as it did not relate to the period on or before the date of the ALJ's hearing decision.   20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). Nothing in the new evidence indicates that those medical providers considered Plaintiff's past medical records or that the information in the new records pertained to the period at issue.  *See Hargress*, 883 F.3d at 1309-10.  Moreover, the new records do not indicate that Plaintiff had disabling limitations beyond the ALJ's RFC determination on or before the date of the ALJ's decision (Tr. 23-35).   Consequently, the Court finds that Plaintiff's argument on this basis fails, and the Appeals Council's decision to deny review is supported by substantial evidence in the record.

## V.   Conclusion

Accordingly, after consideration, it is hereby

ORDERED:

1.  The decision of the Commissioner is affirmed.

2.  The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

**ORDERED** in Tampa, Florida, on this 9th day of September 2021.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE